**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **AMERICREDIT FINANCIAL SERVICES,** | ) | |
| **Appellant,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08-CV-179** |
| | ) | **(Phillips)** |
| **THERESA SCHUBERT WOMBLE, et al.,** | ) | |
| **Appellees.** | ) | |

**And**

| | | |
|---|---|---|
| **AMERICREDIT FINANCIAL SERVICES,** | ) | |
| **Appellant,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08-CV-180** |
| | ) | **(Phillips)** |
| **THERESA SCHUBERT WOMBLE, et al.,** | ) | |
| **Appellees.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on two appeals by appellant AmeriCredit Financial Services to orders entered by the United States Bankruptcy Court for the Eastern District of Tennessee.

On March 10, 2008, AmeriCredit appealed the order of the Bankruptcy Court overruling its objection to confirmation and holding that Womble could surrender her vehicle in full satisfaction of AmeriCredit's claim under 11 U.S.C. § 1325(a)(5), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). On

March 19, 2008, AmeriCredit appealed the order of the Bankruptcy Court confirming the

debtor's plan. The appeals were transmitted to this court on May 6, 2008. The appeal filed

on the March 10, 2008 order was docketed as Civil Case No. 3:08-CV-179. The appeal

filed on the March 19, 2008 order was docketed as Civil Case No. 3:08-CV-180. The issue

in both appeals is whether the Bankruptcy Court erred in ruling that 11 U.S.C. § 1325(a)(5),

as amended by BAPCPA, allows Womble to surrender her vehicle in full satisfaction of

AmeriCredit's claim.

In its supporting brief, AmeriCredit contends that this court should reverse the

Bankruptcy Court, sustain the objection to confirmation filed by AmeriCredit, and find that

BAPCPA does not allow Womble to surrender AmeriCredit's collateral in full satisfaction

of its claim based on the Sixth Circuit's decision in *In re Long,* 519 F.3d 288 (6th Cir. 2008).

In her appellee's brief, Womble agrees that *Long* governs the present appeal, and, as a

result, she responds that she has no defense to the appeals filed by AmeriCredit.

In *Long*, the Sixth Circuit held that when a debtor elects to surrender collateral

pursuant to 11 U.S.C. § 1325(a)(5)(C), the creditor is entitled to a deficiency claim for the

balance of its lien after disposition of its collateral. *Id.* at 298. In light of the Sixth Circuit's

holding in *Long*, the Bankruptcy Court erred in allowing Womble to surrender her vehicle

in full satisfaction of AmeriCredit's claim.

Accordingly, AmeriCredit's objection to confirmation of the Chapter 13 plan is hereby **SUSTAINED** in Civil Case No. 3:08-CV-179; the Bankruptcy Court's order confirming the Chapter 13 plan is hereby **REVERSED** in Civil Case No. 3:08-CV-180; and this matter is **REMANDED** to the Bankruptcy Court for proceedings consistent with this order and the Sixth Circuit's rulings in *In re Long.*

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge

-3-